**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **TAMMY A. OTTO,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| v. | **Case No. 2:12-cv-754-PMW** |
| **CAROLYN W. COLVIN,**[1] **Acting Commissioner of Social Security,** | |
| **Defendant.** | **Magistrate Judge Paul M. Warner** |

Before the court is Tammy A. Otto's ("Plaintiff") appeal of the Commissioner's final decision denying Plaintiff's claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id.* §§ 1381-1383f.  After careful consideration of the written briefs and the complete record, the court has determined that oral argument is unnecessary in this case.

---

[1]  On February 14, 2013, Carolyn W. Colvin ("Commissioner") became the Acting Commissioner of Social Security.  Accordingly, she has been automatically substituted for Michael J. Astrue as the defendant in this action.  *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.").

## BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments.  On June 1, 2009, applied for DIB and SSI, alleging disability beginning on May 30, 2009.[2]  Plaintiff's applications were denied initially and upon reconsideration.[3]  On February 25, 2010, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[4] and that hearing was held on March 30, 2011.[5]  On April 28, 2011, the ALJ issued a written decision denying Plaintiff's claims for DIB and SSI.[6]  On June 26, 2012, the Appeals Council denied Plaintiff's request for review,[7] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On August 1, 2012, Plaintiff filed her complaint in this case, which was assigned preliminarily to Magistrate Judge Paul M. Warner.[8]  The Commissioner filed her answer on October 9, 2012,[9] and the court received the Administrative Record the same day.[10]

---

[2]  *See* docket no. 9, Administrative Record ("Tr. ____") 202-212.

[3]  *See* Tr. 106-109.

[4]  *See* Tr. 133-134.

[5]  *See* Tr. 31-105.

[6]  *See* Tr. 8-30.

[7]  *See* Tr. 1-4.

[8]  *See* docket no. 3.

[9]  *See* docket no. 7.

[10]  *See* docket no. 9.

On October 15, 2012, both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[11]  Consequently, the case was assigned permanently to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[12]

Plaintiff filed his opening brief on November 19, 2012.[13]  The Commissioner filed her answer brief on December 17, 2012.[14]  Plaintiff filed his reply brief on January 4, 2013.[15]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance."  *Lax*, 489 F.3d at 1084 (quotations and citation omitted).  "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor

---

[11]  *See* docket no. 15.

[12]  *See id.*

[13]  *See* docket no. 17.

[14]  *See* docket no. 18.

[15]  *See* docket no. 19.

substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th

Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to

provide this court with a sufficient basis to determine that appropriate legal principles have been

followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005)

(quotations and citation omitted).

    A five-step evaluation process has been established for determining whether a claimant is

disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v.*

*Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a

determination can be made at any one of the steps that a claimant is or is not disabled, the

subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently
> engaged in substantial gainful activity. If [the claimant] is,
> disability benefits are denied. If [claimant] is not, the decision
> maker must proceed to step two: determining whether the claimant
> has a medically severe impairment or combination of
> impairments. . . . If the claimant is unable to show that his
> impairments would have more than a minimal effect on his ability
> to do basic work activities, he is not eligible for disability benefits.
> If, on the other hand, the claimant presents medical evidence and
> makes the *de minimis* showing of medical severity, the decision
> maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R.

§§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

    "Step three determines whether the impairment is equivalent to one of a number of listed

impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the

impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to

benefits.  If not, the evaluation proceeds to the fourth step . . . ."  *Williams*, 844 F.2d at 751

(quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  At

the fourth step, the claimant must show that the impairment prevents performance of his "past

relevant work."  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  "If the claimant is able to

perform his previous work, he is not disabled."  *Williams*, 844 F.2d at 751.  If, however, the

claimant is not able to perform his previous work, he "has met his burden of proof, establishing a

prima facie case of disability."  *Id.*

    At this point, "[t]he evaluation process . . . proceeds to the fifth and final step."  *Id*.  At

this step, the burden of proof shifts to the Commissioner, and the decision maker must determine

"whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work

in the national economy in view of his age, education, and work experience."  *Id*.; *see* 20 C.F.R.

§§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If it is determined that the claimant "can make an

adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled.

If, on the other hand, it is determined that the claimant "cannot make an adjustment to other

work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

    In support of her claim that the Commissioner's decision should be reversed, Plaintiff

presents several arguments.  One of those arguments is dispositive of Plaintiff's appeal because it

mandates reversal.  Accordingly, the court will address only that argument here and "will not

reach the remaining issues raised by [Plaintiff] because they may be affected by the ALJ's

treatment of this case on remand."  *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003);

*see also Gilbert v. Astrue*, 231 Fed. App'x 778, 785 (10th Cir. 2007) ("In light of the remand of this case, we do not reach the remainder of [the plaintiff's] claims on appeal . . . .").

Plaintiff argues that the ALJ erred in evaluating the medical opinion evidence from several of Plaintiff's providers. Plaintiff presents arguments for each provider. The court concludes that Plaintiff's common argument concerning three of those providers is dispositive of this appeal. In that common argument, Plaintiff contends that the ALJ erred by failing to provide any discussion of the weight he assigned to the opinions of Nancy Mathis, N.P. ("Ms. Mathis"); Dr. Elizabeth Allen ("Dr. Allen"); and Dr. A.L. Carlisle ("Dr. Carlisle").

Under the relevant regulations, an ALJ is required to consider certain factors when determining the weight to be assigned to a medical opinion. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Further, Social Security Ruling ("SSR") 06-03p provides that an ALJ must consider all relevant evidence in the case record when determining whether a claimant is disabled. *See* SSR 06-03p; *see also* 20 C.F.R. §§ 404.1527(b); 416.927(b). That includes evidence from "other sources," like Ms. Mathis, who is a nurse practitioner. *See* SSR 06-03p. An ALJ

> generally should explain the weight given to opinions from these
> "other sources," or otherwise ensure that the discussion of the
> evidence in the determination or decision allows a claimant or
> subsequent reviewer to follow the adjudicator's reasoning, when
> such opinions may have an effect on the outcome of the case.

*Id*.

6

With those concepts in mind, the court first addresses the opinions of Ms. Mathis.  In this case, the ALJ failed to provide any explanation about the weight he assigned to the opinions of Ms. Mathis.  The court concludes that the ALJ erred in that respect.

The court now turns to the opinions of Dr. Allen and Dr. Carlisle.  The ALJ likewise failed to include any explanation about the weight he assigned to the opinions from those two providers.  The Commissioner argues that the ALJ was not required to provide any such explanation because the opinions of Dr. Allen and Dr. Carlisle do not qualify as medical opinions.  *See* 20 C.F.R. §§ 404.1527(a)(2); 416.927(a)(2) (providing that medical opinions reflect judgments about the nature and severity of the claimant's impairments, including symptoms, diagnosis and prognosis, what the claimant can do despite his or her impairments, and the claimant's physical or mental restrictions).  That argument fails.  The court has reviewed the opinions of Dr. Allen and Dr. Carlisle contained in the record and concludes that they do indeed qualify as medical opinions under the relevant regulations.  As such, the ALJ was required to provide an explanation about the weight he assigned to those opinions.  This is particularly true given that the ALJ discussed those opinions in portions of his decision.  For these reasons, the court concludes that the ALJ erred in his treatment of the opinions of Dr. Allen and Dr. Carlisle.

## CONCLUSION AND ORDER

The court concludes that the ALJ erred in his evaluation of certain medical opinion evidence, as indicated above.  Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **REVERSED AND REMANDED**.

**IT IS SO ORDERED**.

DATED this 27th day of September, 2013.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge